Opinion of the Court, by
Ch. J. Boyle.
THIS was a bill in chancery, exhibited by George Patton against James West. The bill, in substance, alleges that John West had purchased of Patton divers materials for carrying on the carriage-making business; that James West, the brother of John, agreed to secure the payment of the sum then due, by becoming the collateral security of John; that, for the purpose of carrying into effect that agreement, John executed his promissory note to James, bearing date the 18th of September 1818, for $234 90, negotiable and payable at the Bank of Kentucky, six months after date, and which note was endorsed by James to Patton; that when the note became due, and would have been protested for non-payment, James West begged of the agent of Patton to renew the note; that, to indulge him, the agent drew a new note, and accidentally made it payable to Patton; that James West discovered this mistake, and fraudulently refused to endorse the new note, after the first was destroyed by himself or confederates, and that Patton has instituted suit against John West, upon the last note, which has proved fruitless, the said John being entirely insolvent.
The bill was taken for confessed, and the court below decreed that James West should pay to Patton $234 90, with interest; and to reverse that decree West prosecutes this writ of error.
*406 The bill in this case was certainty drawn with very little skill; but we cannot admit, as was contended in the argument, that it does not contain matter sufficient to show that the endorsement of the first note by James West, was upon a consideration which would render him responsible as endorser. The bill alleges that the debt was due from John West to Patton, when James agreed to secure its payment; and the postponement of the time of payment, by the note which was executed for the debt, though no benefit to James West, was a prejudice to Patton, and constitutes, in contemplation of law, a valuable consideration. It is true, that it is not expressly alleged that the endorsement was made in consideration of the postponement of the time of payment; but it is necessarily implied from the nature of the transaction, as detailed by the bill.
If, then, James West was responsible, in virtue of his endorsement upon the first note, we cannot think he ought to be permitted to avail himself of the mistake in the second note, to discharge himself from that responsibility. The second note, having been drawn at his request, and for the purpose of indulging him, could only have been intended to be substituted in the place of the first, on the condition of his being bound by the second, as he was by the first; but, owing to the mistake in the manner of drawing the second, it was not a compliance with that condition, and ought not, therefore, to be considered as a discharge of the first note, at least so far as relates to James West; for a contract made upon a condition expressed or implied, which is not performed, is not obligatory, either in law or ethics, and of course could not operate as a discharge of one which was possessed of legal validity.
With respect to the jurisdiction of a court of equity, to which an objection is taken by the assignment of error, it is sufficient to remark, that the destruction of the first note, together with the endorsement on which the responsibility of James West is founded, is sufficient to warrant the interposition of a court of equity. He can, however, be made liable in a court of equity, only upon, the same terms upon which he would be so in a court of law; and it is a settled rule, that to recover at law of the endorsers of a paper not negotiable upon mercantile principles, due diligence by suit, to recover the money of the principal debtor, must be shown; and *407 the allegations of the bill in this case are wholly insufficient for that purpose. The bill alleges that suit had been instituted on the second note, against John West; but when it was instituted, with what diligence it was pursued, or to what extent, is not alleged. In this respect, therefore, the bill is too imperfect, to authorise a decree against James West.
We are also of opinion that John West ought to have been made a party; for in all cases where the security is sought, in a court of equity, to be subjected to the payment of the debt of his principal, the latter is a necessary party, and should be brought before the court, unless a sufficient excuses shown for not doing so; and in this case there is no such excuse shown.
The decree must be reversed with costs, and the cause remanded, that the complainant may have leave, if he should apply for that purpose, to amend his bill; but if he should not apply for leave to amend, that the bill be dismissed with costs, but without prejudice to another suit.